UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
BENEDETTO ROCCHIO,                               :
                 Plaintiff,          :
:       08 Civ. 3796 (JPO)
          -v-                                 :
:     MEMORANDUM AND
COMMISSIONER OF SOCIAL SECURITY,    :         ORDER
                          Defendant.     :
:
------------------------------------------------------------ X

J. PAUL OETKEN, District Judge:

      Presently before the Court is the motion of Plaintiff, Benedetto Rocchio, for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

      For the reasons set forth below, the motion for attorney's fees is granted.

**I.    Background**

      On July 8, 2005, Plaintiff, previously represented by David Jalosky, Esq., filed an application for disability insurance benefits under Title II of the Social Security Act ("the Act"). The Administrative Law Judge ("ALJ") found that Plaintiff was not disabled within the meaning of the Act and denied Plaintiff's application on July 13, 2007. On January 25, 2008, the Appeal Council denied Plaintiff's request for review.

      Plaintiff, proceeding *pro se*, initiated the present action in this court on April 22, 2008, seeking judicial review of the Commissioner's final decision pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g). On March 12, 2009, Christopher James Bowes of the Center for Disability Advocacy Rights, Inc. entered an appearance as counsel on Plaintiff's behalf. Both Plaintiff and Defendant moved for judgment on the pleadings. On November 19, 2010, Magistrate Judge Frank Maas issued a Report and Recommendation ("Report"), which

recommended that the matter be remanded "solely to develop the record more fully with respect to Rocchio's visual impairments." (Dkt. No. 23.) United States District Judge Jed S. Rakoff, to whom this matter was previously assigned, adopted the Report in its entirety on March 28, 2011. (Dkt. No. 24.)

On November 23, 2011, Plaintiff's counsel moved to be awarded attorney's fees for his time spent in connection with the federal action. Plaintiff's counsel seeks an award of $6,016.67 in attorney's fees for the 33.7 hours of work performed.

## II.     Legal Standard

The EAJA requires a court to award fees and costs to the prevailing party in an action against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A). The statute has four basic conditions: "(1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) that no 'special circumstances make an award unjust'; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement." *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *see also Gomez-Beleno v. Holder*, 644 F.3d 139, 144 (2d Cir. 2011).

Here, there is no dispute as to three of these conditions: Plaintiff is the prevailing party in the federal action; there are no special circumstances that would make an award of fees unjust; and the motion for attorney fees was timely.[1] The Commissioner in effect has conceded that these conditions have been satisfied. The Commissioner argues only that its position in the

---

[1] Pursuant to Federal Rule of Civil Procedure 58(c)(2)(B), the final judgment in this case was deemed entered 150 days from the entry of Judge Rakoff's Order adopting the Report, or on August 25, 2011. Neither party appealed within 60 days, and the judgment became final and unappealable on October 24, 2011.

administrative proceedings was "substantially justified" and that hence no attorney's fees should be awarded.

A position is substantially justified if it is "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Gomez-Beleno*, 644 F.3d at 145 (quoting *Jean*, 496 U.S. at 158 n. 6). The Government bears the burden of showing that this standard has been met—*i.e.,* that the position of the United States "'had a reasonable basis in both law and fact.'" *Id.* (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005)); *see also Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 82 (2d Cir. 2009). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

### III.    No Substantial Justification

Here, the Commissioner was not substantially justified in his opposition to the federal action, or in his position in the administrative proceedings that preceded federal review.

As Magistrate Judge Maas detailed in his Report, Social Security law obligates the ALJ to ensure that the medical record is adequately developed. (*See* Report at 25 (citing *Moran v. Asture*, 569 F.3d 108, 112 (2d Cir. 2009).) Section 223(d)(5)(B) of the Social Security Act, 42 U.S.C. § 423(d)(5)(B), requires the Commissioner of Social Security to "make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence . . . necessary in order to properly make [any determination with respect to whether an individual is under a disability] prior to evaluating medical evidence obtained from any other source on a consultative basis." Although the ALJ noted the lack of opinion evidence from Plaintiff's treating ophthalmologist, the ALJ here did not seek to solicit an opinion from

this treating physician prior to relying on the opinion of a consultative physician and denying Plaintiff's claim. (Report at 33-34.)[2] Magistrate Judge Maas concluded that the "failure to develop conflicting medical evidence from a treating physician is legal error requiring remand." (*Id.* at 27 (quoting *Miller v. Barnhart*, No. 03 Civ. 2072 (MBM), 2004 WL 2434972, at *7 (S.D.N.Y. Nov. 1, 2004)).) Judge Rakoff adopted the Report and remanded the matter so that the ALJ could give appropriate weight to the opinion of the treating ophthalmologist and otherwise develop the record with respect to Plaintiff's visual impairment.

Nevertheless, the Commissioner argues that in order to bar an attorney representing a prevailing party from recovering attorneys fees, "[t]he position of the United States does not have to be correct; it merely has to be reasonable." (Def. Mem. Law in Opp. at 2.) To be clear, the ALJ's failure to develop the record fully during the administrative proceeding was not reasonable. Still, the Court does not agree that the mere articulation of a reasonable argument is sufficient to preclude recovery of attorney's fees. Being substantially justified is indeed a higher standard than having a reasonable position. *See Pierce v. Underwood,* 487 U.S. 552, 566 n.2 (1988) ("[O]ur analysis does not convert the statutory term 'substantially justified' into 'reasonably justified.'"); *see also Jean*, 496 U.S. 154, 158 n.6 (1990) ("To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." (citation omitted)). "In 1980, Congress passed the EAJA in response to its concern that persons 'may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in securing the vindication of their rights.'" *Sullivan v. Hudson*, 490 U.S. 877, 883 (1989) (quoting 94 Stat. 2325). The provision for attorney's fees

---

[2] Nor did the Appeals Counsel review a new letter submitted by Plaintiff's treating ophthalmologist prior to denying Plaintiff's request for review. (*Id.* at 13.)

encourages attorneys to represent those who could not otherwise afford to pay an attorney, even though the attorneys may risk going uncompensated for their time and efforts should they not prevail.  It would subvert congressional intent to deny the award of attorney's fees to the counsel of a prevailing party on the basis that the Government's unsuccessful position was cogent.  Where, as here, there was clear legal error, it is even more apparent that attorneys should not be prevented from recovering attorney's fees.

Defendant argues that the fact that the Magistrate Judge rejected all but one of Plaintiff's arguments further supports that the Commissioner was substantially justified in his position.  Notwithstanding the failure of some of Plaintiff's arguments, the argument that was accepted provided Plaintiff with the relief sought—a remand for further review.  Additionally, the Commissioner admits that it was not the prevailing party.  "[T]he EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." *Jean*, 496 U.S. 154, 161-62 (citations omitted).  The barrier to recovery of attorney's fees would be unreasonably high were a rule adopted whereby a party who prevailed was nevertheless denied attorney's fees because one of his arguments was unsuccessful.  Indeed such a rule might disincentivize Plaintiff's counsel from bringing any but the most conventional arguments.

In light of the ALJ's burden to fully develop the record and the Government's burden to demonstrate that its position denying Plaintiff benefits was substantially justified, the Court concludes that the substantially justified condition is not a basis to preclude Plaintiff's counsel from recovering attorney's fees.

## IV.     Reasonable Fees

Plaintiff's attorney has submitted detailed time records, current as of November 23, 2011, attesting to how he spent the 33.7 hours for which he seeks compensation.  (Ex. A to Declaration

of Christopher J. Bowes ("Time Records"), Dkt. No. 28.)  The Court concludes that the documentation is sufficient and that the hours were reasonably spent in vindication of Plaintiff's rights.

"With respect to the calculation of fees under § 2412(d), there is a statutory cap of $125 per hour 'unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'"  *Kerin v. U.S. Postal Service*, 218 F.3d 185, 189 (2d Cir. 2000) (quoting 28 U.S.C. § 2412(d)(2)(A)).  Here, the Court determines the applicable rate of compensation for attorney hours in an EAJA petition by comparing the March 1996 Consumer Price Index (CPI), with the CPI for the month in which the attorney services were performed.  *See* 28 U.S.C. § 2412(d); *Kerin*, 218 F.3d at 189.  Plaintiff has provided a chart prepared by the Office of the General Counsel of the Social Security Administration, which reflects updated EAJA rates adjusted for cost of living.  (Ex. B to Declaration of Christopher J. Bowes (the "Chart"), Dkt. No. 28.)  The Court determines that a cost of living increase that is in line with the rates reflected on this Chart is appropriate.  Plaintiff's hourly rates range from $177.80 to $184.90, depending on the cost of living adjustment applicable in the month in which work on this matter was performed.  (*Id.*; *see also* Time Records.)   After multiplying the number of hours for which EAJA payments is sought (33.7) by the applicable rate, the total fee award for hours spent through November 23, 2011 is $6,016.67.

Plaintiff's counsel is also entitled to recover fees for the hours it spent in connection with the present fee application after November 23, 2011.  *See Jean*, 496 U.S. at 166 (affirming that attorney was entitled to recover fees for hours reasonably spent in connection with a motion for attorney's fees).

**V.     Conclusion**

For the foregoing reasons, Plaintiff's motion for attorney's fees is GRANTED in the amount of $6,016.67 for hours spent until November 23, 2011. Plaintiff's counsel shall submit, by September 7, 2012, a declaration and timesheets documenting additional hours reasonably spent in connection with the motion for attorney's fees and the applicable rates as calculated above. Plaintiff's counsel shall also submit a proposed order by that date.

The Clerk of Court is directed to close the motion at Docket Number 27.

SO ORDERED.

Dated: New York, New York
August 7, 2012

_____
J. PAUL OETKEN
United States District Judge